**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIKEB SADDOZAI, | No. 20-16862 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-04047-BLF |
| v. | |
| CARLOS BOLANOS, Sheriff, County of San Mateo; SCOTT KIRKPATRICK, Captain; MAGUIRE CORRECTIONAL FACILITY; CORRECTIONAL HEALTH SERVICES; LOMU, Deputy Sheriff; COPELAND, Deputy Sheriff; SHERIFF OF SAN MATEO COUNTY; CITY OF REDWOOD CITY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted February 15, 2022[**]

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Shikeb Saddozai appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because, under any potentially applicable standard, Saddozai failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in responding to his complaints of abdominal pain. *See id.* at 1057-60 (explaining that a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claims brought by pretrial detainees).

The district court did not abuse its discretion in denying Saddozai's request to extend the time for additional discovery before ruling on the motion for summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that a district court's order denying additional discovery is reviewed for an abuse of discretion, and a party seeking a continuance under Rule 56 "must identify by affidavit the specific facts that further discovery

2                                                                          20-16862

would reveal, and explain why those facts would preclude summary judgment").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**